JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 16 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CUISINART FOOD PROCESSOR ) DOCKET NO. 447
ANTITRUST LITIGATION )

OPINION AND ORDER

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FREDERICK A. DAUGHERTY, AND SAM C. POINTER, JR., JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of eight actions[1] pending in five districts: three in the District of Connecticut;[2] two in the Northern District of Illinois; and one each in the District of Massachusetts, the Southern District of California and the Northern District of California.

Cuisinarts, Inc. (Cuisinarts), a defendant in six of the actions, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Greenwich, Connecticut. Cuisinarts

---

[1] Two additional actions, Tillie Lee Louie, etc. v. Cuisinarts, Inc., N.D. California, C.A. No. C80-3929 and Robert Reynolds d/b/a Douglas Garden Caterers, et al. v. Cuisinarts, Inc., et al., N.D. California, C.A. No. C80-3930, were included in the motion for transfer in this litigation. These actions were remanded to California state court by order of the Honorable Marilyn Hall Patel, filed on December 5, 1980. The question of transfer of these actions pursuant to Section 1407 is therefore moot.

[2] One of the Connecticut actions was originally filed in the Eastern District of Virginia. On January 5, 1981, this action was transferred to the District of Connecticut pursuant to 28 U.S.C. §1404(a) by the Honorable Oren R. Lewis.

is the exclusive distributor in the United States of several models of food processors[3]/ which it imports from France or Japan and sells under the "Cuisinart" trademark. Substantial quantities of food processors are sold by Cuisinarts to retail stores which in turn sell them to consumers. Cuisinarts takes orders for its food processors from retail stores primarily through its sales representatives located throughout the United States; the food processors are then shipped by Cuisinarts directly to the retail stores.

This litigation was spawned by the indictment of Cuisinarts, filed on September 17, 1980, by a federal grand jury sitting in Hartford, Connecticut. The indictment charges that, from at least 1974 until at least August, 1979, Cuisinarts and various unindicted co-conspirators conspired, in violation of the Sherman Act, to fix, stabilize and maintain the retail prices of food processors at the prices set by Cuisinarts. The Government subsequently filed in the District of Connecticut a civil action which tracks the allegations of the criminal indictment.

Each of the eight private actions before the Panel was commenced within the past few months. All the private actions share certain basic similarities. First, the complaints in all the private actions parallel the indictment and the Government civil complaint insofar as they allege the existence of a conspiracy to fix, stabilize and maintain the prices of Cuisinart food processors. Second, plaintiffs in each

---

[3]/ A food processor is defined as "an electric appliance for use in home kitchens, that combines in a single unit requiring a minimum of accessories the functions, among others, of shredding, chopping, slicing, grating and kneading food."

action seek treble damages and injunctive relief. Third, all the private actions are brought as class actions.

Four of the actions (the three Connecticut actions and the Massachusetts action) are brought as nationwide consumer class actions. Each of these actions alleges a nationwide class of all persons who purchased Cuisinart food processors at retail. The claims in each complaint rely on federal antitrust law. Cuisinarts is the sole defendant in three of the four actions and is named as a defendant along with two officers of Cuisinarts in the fourth action. Little or no discovery has occurred in these actions.

The Southern District of California action is brought on behalf of a class of all private individuals who purchased Cuisinart food processors from retail outlets in California. The complaint, which bases its claims exclusively on California state antitrust laws, names as defendants Cuisinarts and J.W. Robinson, Inc. (Robinson), a California retailer. This action was commenced in California state court and subsequently removed to federal court by Cuisinarts.[4/] Little or no discovery has occurred in this action.

The Northern District of California action is brought on behalf of a nationwide class of retailers which plaintiff alleges were prevented from selling Cuisinart food processors by their refusal to participate in the price-fixing conspiracy. The following parties are named as defendants: 1) Cuisinarts;

---

4/ Plaintiff filed a motion for remand to California state court, but this motion was denied from the bench by the Honorable Gordon Thompson, Jr., on January 12, 1981.

2) James D. Mah Associates (Mah), a California business entity and allegedly the sales representative of Cuisinarts in northern California; and 3) Hardwick Townsend, a California corporation and allegedly the sales representative of Cuisinarts in southern California. Plaintiff, a California retailer, seeks to recover for itself and the purported class members the lost profits occasioned by the alleged deprivation of a business opportunity. The complaint bases its claims on federal antitrust law. Little or no discovery has occurred in this action.

One of the Illinois actions (<u>Bahr</u>) is brought on behalf of a class of all persons who purchased Cuisinart food processors from Marshall Field & Co., Inc. (Marshall Field) and/or retail stores owned, operated or controlled by Marshall Field. Similarly, the other Illinois action (<u>Ehrlich</u>) is brought on behalf of a class of all persons who purchased Cuisinart food processors from Crate & Barrel, Inc. (Crate & Barrel) and/or retail stores owned, operated or controlled by Crate & Barrel. Marshall Field is the sole defendant in <u>Bahr</u> and Crate & Barrel is the sole defendant in <u>Ehrlich</u>. Cuisinarts is alleged to be a co-conspirator in both actions but is not named as a defendant in either action. The claims in each complaint rely on federal antitrust law. Plaintiffs in these actions have served interrogatories and document requests on defendants and a number of depositions have been completed.

Cuisinarts has moved the Panel, pursuant to 28 U.S.C. §1407, to centralize these eight actions[5/] in the District of Connecticut for coordinated or consolidated pretrial proceedings. Plaintiffs in two of the nationwide consumer class actions and Mah, a defendant in the Northern District of California action, support the motion. Plaintiffs in the remaining two nationwide consumer class actions support centralization limited to the four nationwide consumer class actions. The following parties oppose transfer of their respective actions: 1) plaintiffs in both California actions; 2) all parties to both Illinois actions; and 3) Robinson, a defendant in the Southern District of California action. If the Panel determines, however, that Section 1407 proceedings are appropriate in this docket, plaintiff in the Northern District of California action and Robinson favor selection of a California transferee forum and the Illinois plaintiffs favor selection of the Northern District of Illinois as the transferee forum.

We find that these actions involve common questions of fact and that transfer of the actions pending in districts other than the District of Connecticut to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the actions pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

[5/] In addition, the Panel has been advised that four other related actions are now pending in federal district courts. These four actions will be treated as potential tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

Opponents to transfer argue that the Illinois actions and the Southern District of California action raise a multitude of individual factual issues. These actions, opponents contend, allege more limited conspiracies than the national conspiracy alleged by plaintiffs in the four nationwide consumer class actions. Discovery in the Illinois actions and the Southern District of California action, opponents maintain, will focus on distinctly local factors and will be much narrower in scope than discovery in the nationwide consumer class actions. In addition, the parties to the Illinois actions and defendant Robinson in the Southern District of California action assert that transfer to the District of Connecticut would cause them extreme inconvenience.

The parties to the Illinois actions also contend that no possibility exists that the classes alleged in the Illinois actions will overlap with the nationwide or California consumer classes because these latter classes, unlike the classes alleged in the Illinois actions, are untenable inasmuch as they are not limited to purchasers from a single retailer. The Illinois parties argue that the nationwide and statewide actions will require individualized proof of a myriad of vertical conspiracies. Such proof will be so dominated by non-common issues of fact that denial of class certification in the nationwide and statewide actions is inevitable, the Illinois parties contend.

Plaintiff in the Northern District of California action emphasizes the unique aspects of its action. Plaintiff, which represents a purported class of retailers allegedly prevented from selling Cuisinart food processors by their refusal to participate in the conspiracy, argues that this class does not overlap with the classes alleged in any of the other actions. Plaintiff contends that discovery in the Northern District of California action will focus on a number of issues, such as wholesale price structure, potential sales of the boycotted retailers and the prices they would have charged, which are not presented in any of the other actions.

We find these arguments unpersuasive. The complaints in all the actions before us contain substantially identical allegations of a conspiracy to fix, stabilize and maintain the prices of Cuisinart food processors. While we recognize that several of the actions may involve some unique or localized factual issues, a careful review of the entire record before the Panel has persuaded us that all these actions share numerous questions of fact concerning the existence _vel non_ of the alleged conspiracy and its scope, participants, means of operation and effects. The national conspiracy alleged in the complaints in five of the actions (the four nationwide consumer class actions and the Northern District of California action) necessarily encompasses many aspects of the somewhat more limited conspiracies alleged in the other three actions (the Illinois actions and the Southern

District of California action). Transfer under Section 1407 is thus necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, witnesses and the judiciary. See In re Motion Picture Licensing Antitrust Litigation, 468 F. Supp. 837, 841-42 (J.P.M.L. 1979); In re Cement and Concrete Antitrust Litigation, 465 F. Supp. 1299, 1300-01 (J.P.M.L. 1979).

An additional justification for transfer is the fact that all of the actions before us, with the exception of the Northern District of California action, have been brought on behalf of similar or overlapping classes of purchasers of Cuisinart food processors. The Illinois parties' argument concerning the untenability of nationwide and statewide classes in this litigation, although premature, demonstrates the difficulty of the class certification questions presented and therefore merely amplifies the need to have a single judge oversee the class action issues in these seven actions to avoid duplicative efforts and inconsistent rulings in this area. See In re Resource Exploration, Inc., Securities Litigation, 483 F. Supp. 817, 821 (J.P.M.L. 1980).

The transferee judge, of course, has the authority to schedule discovery and other pretrial proceedings on any issues unique to a particular action or party to proceed in separate tracks concurrently with the common pretrial proceedings, thus enchancing the efficient conduct of all aspects of this litigation. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403,

1405-06 (J.P.M.L. 1974). Moreover, the transferee judge has the power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I and II, §§2.31, Manual for Complex Litigation (rev. ed. 1977).

Although we are sensitive to the argument that Section 1407 transfer may cause certain parties to suffer some inconvenience, we are nevertheless confident that prudent counsel in all actions, under the guidance of the transferee judge, can apportion their workload and otherwise combine forces to effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities. See, e.g., In re Motion Picture Licensing Antitrust Litigation, supra, 468 F. Supp. at 842; Manual for Complex Litigation, supra, at Part I, §§1.90-1.93. We note that witnesses will be deposed in proximity to where they reside. See Fed.R.Civ.P. 45(d)(2).

The District of Connecticut is clearly the most appropriate transferee district for this docket. Three of the eight actions before us are already pending there. The corporate offices of Cuisinarts are located in Greenwich, Connecticut, and thus many key witnesses and relevant documents are likely to be found in the District of Connecticut. See In re LTV Corp. Securities Litigation, 470 F. Supp. 859, 862 (J.P.M.L. 1979). In addition, the documents and transcripts of testimony on which the grand jury relied in returning its indictment are likely to be sought by the litigants in the eight actions

presently before us, and those materials are located in the District of Connecticut. Furthermore, the United States Supreme Court, in <u>Douglas Oil Company v. Petrol Stops Northwest</u>, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), has required, with respect to access to grand jury materials in related antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the related antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat. See <u>In re California Armored Car Antitrust Litigation</u>, 476 F. Supp. 452, 454 (J.P.M.L. 1979).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the District of Connecticut be, and the same hereby are, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Jose A. Cabranes for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

SCHEDULE A

Docket No. 447 -- In re Cuisinart Food Processor Antitrust Litigation

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Fred Cohn, et al. v. Cuisinarts, Inc., et al. | Civil Action No. B80-444 |
| Joan Sacarob, et al. v. Cuisinarts, Inc. | Civil Action No. H81-25 |
| Frederic Blum v. Cuisinarts, Inc. | Civil Action No. H80-610 |

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Basic Living Products, Inc., etc. v. Cuisinarts, Inc. | Civil Action No. C80-3781-ACW |

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Belle Linda Gayer, etc. v. Cuisinarts, Inc., et al. | Civil Action No. 80-1675-GT(M) |

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Janet Webber Bahr, etc. v. Marshall Field & Co., Inc. | Civil Action No. 80C5227 |
| Gloria Ehrlich, etc. v. Crate & Barrel, Inc. | Civil Action No. 80C5228 |

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Renee Logan v. Cuisinarts, Inc. | Civil Action No. 80-2257-S |